1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT

9                      CENTRAL DISTRICT OF CALIFORNIA

10                            WESTERN DIVISION

11

12   JUAN RAZO RAMIREZ,                )   No. CV 15-6310-AG (PLA)
                                       )
13                  Petitioner,        )   **ORDER RE:  DISMISSAL OF HABEAS**
                                       )   **PETITION FOR FAILURE TO PROSECUTE**
14            v.                       )   **AND FOLLOW COURT ORDERS**
                                       )
15   UNKNOWN,                          )
                                       )
16                  Respondent.        )
     _____)
17

18                                    **I.**

19                              **BACKGROUND**

20          On August 19, 2015, Juan Razo Ramirez ("petitioner"), a state prisoner currently

21   incarcerated at the State Prison Hospital in Stockton, California, submitted a three-page

22   handwritten "letter" to the Court, which, although not entirely clear, was construed by the

23   Magistrate Judge as an attempt to file a petition for writ of habeas corpus by a person in state

24   custody pursuant to 28 U.S.C. § 2254. ("Petition" or "Pet."). On August 20, 2015, finding

25   numerous deficiencies, the Magistrate Judge dismissed the Petition with leave to amend. (Dkt.

26   No. 4). On October 13, 2015, as petitioner had not timely filed an Amended Petition, the

27   Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that this habeas

28

1 action be dismissed without prejudice for failure to prosecute and failure to follow court orders.
2 (Dkt. No. 8).

3     On October 30, 2015, petitioner submitted a letter to the Court in which he, among other
4 things, asked that his action not be dismissed, and that he be given a 30-day extension, so that
5 he could "present . . . new very strong potentially crystal clear and convincing concrete evidence
6 information . . . for [his] criminal trial case record information." (Dkt. No. 9).  The Magistrate Judge
7 construed the letter as a request for additional time to submit an Amended Petition in compliance
8 with the August 20, 2015, Order, and granted the request.  (Dkt. No. 10).  Petitioner was advised
9 that if his Amended Petition was not received by December 3, 2015, the October 13, 2015, R&R
10 would be forwarded to the undersigned District Judge for consideration.  (Id.).

11     On January 19, 2016,  after two additional requests for an extension of time to file an
12 Amended Petition were granted by the Magistrate Judge (Dkt. Nos. 10, 12), petitioner filed another
13 primarily handwritten document captioned: "For the Central District United States District
14 Courthouse to Know About My Criminal Case Conviction Appeal Pending in This Court Now in
15 November 30 Year 2015."  (Dkt. No. 14).  That document consisted of a 25-page rambling
16 handwritten narrative and exhibits.  The Magistrate Judge construed this document as petitioner's
17 attempt to amend his Petition in response to the August 20, 2015, Order.  (Dkt. No. 13).  Again
18 finding deficiencies, the Magistrate Judge on January 25, 2016, clearly informed petitioner of the
19 steps he must take in order to properly amend his Petition in order to avoid dismissal.  (Id.).
20 Petitioner was advised that if a timely Amended Petition was not received, the Magistrate Judge
21 would recommend dismissal of the Petition for failure to comply with Rule 2 of the Rules
22 Governing Section 2254 Cases; and/or as unexhausted; and/or as barred by the statute of
23 limitations; and/or for failure to prosecute and failure to comply with the court's orders and
24 governing case law.  (Id.).

25     On or about January 25, 2016, petitioner submitted another handwritten document in which
26 he again raised a number of issues, including his "actual innocence"; the fact that he is in "nonstop
27 lockdown"; that he is suffering from anxiety, depression, and other mental health issues; that his
28 doctors and psychiatrists ignore and neglect him; that he is not receiving effective mental therapy;

1   that he is unable to utilize the legal law library to the extent necessary to competently and

2   effectively prepare his case; and that he has not been permitted to have all of his legal property

3   in his possession.  (See generally Dkt. No. 15).  Petitioner concluded by requesting that his case

4   be "suspend[ed] and close[d] for now," until he is housed in a more suitable prison "of no nonstop

5   lockdown" with "real effective protective housing, open yard exercise for 'EOP' mental therapy

6   treatment to mentally stabilize" him, and with "5 weekly days legal law library service, full service

7   to effectuate" his appeal "meaningfully" in this Court. (Dkt. No. 15 at 18). He also stated that when

8   he is "no longer living in lockdown" he will notify the Court by mail to "reopen [his] case for appeal

9   again, when the time is right[,] to allow [him] to proceed fighting [his] criminal conviction appeal

10   meaningfully competently."  (Id.).

11        While it appeared to the Magistrate Judge that petitioner was seeking to voluntarily dismiss

12   his Petition, in an abundance of caution and given the issues that had been raised by petitioner,

13   the Magistrate Judge declined to do so at that time and instead issued an advisement to the

14   Warden at petitioner's institution concerning petitioner's need for law library access and legal

15   materials due to a pending deadline, and advised petitioner that if he still wished to voluntarily

16   dismiss his Petition, he must file a notice of voluntary dismissal pursuant to Federal Rule of Civil

17   Procedure 41(a)(1) on the form provided to him.  On January 27, 2016, the Magistrate Judge also

18   advised petitioner that if he instead decided to continue with the action, he must file an Amended

19   Petition no later than February 29, 2016, or the Magistrate Judge would recommend dismissal of

20   the Petition for failure to comply with Rule 2 of the Rules Governing Section 2254 Cases; and/or

21   as unexhausted; and/or as barred by the statute of limitations; and/or for failure to prosecute and

22   failure to comply with the court's orders and governing case law.  (Id.).  As of the date of this

23   Order, petitioner has not filed an Amended Petition, or a notice of voluntary dismissal, and his time

24   to do so has passed.

25   /

26   /

27   /

28   /

# II.

## DISCUSSION

It is well established that a district court has authority to dismiss a petitioner's action because of his or her failure to prosecute or to comply with court orders.  See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (holding that a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may dismiss an action for failure to comply with any order of the court).

In determining whether to dismiss this action due to petitioner's failure to prosecute or comply with court orders the Court must consider the following five factors:  "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the respondents; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (per curiam) (internal quotation marks and citation omitted); see also In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders).

The first two factors -- the public's interest in expeditious resolution of litigation and the Court's need to manage its docket -- weigh in favor of dismissal.  Petitioner's failure to file a response to the Magistrate Judge's January 25, 2016, and January 27, 2016, Orders, and his initial failure to respond to the Magistrate Judge's August 20, 2015, order dismissing the Petition with leave to amend (which resulted in the issuance of an R&R recommending dismissal for failure to prosecute and follow court orders), hinders the Court's ability to move this case toward disposition and indicates that petitioner does not intend to litigate this action diligently.

The third factor -- prejudice to respondent -- weighs in favor of dismissal.  A rebuttable presumption of prejudice to respondents arises when a petitioner unreasonably delays prosecution of an action. Eisen, 31 F.3d at 1452-53.  Nothing suggests that such a presumption is unwarranted in this case.

1       The fourth factor -- public policy in favor of deciding cases on their merits -- weighs against

2  dismissal.  However, it is petitioner's responsibility to move his case toward a disposition at a

3  reasonable pace and to avoid dilatory and evasive tactics.  See Morris v. Morgan Stanley Co., 942

4  F.2d 648, 652 (9th Cir. 1991).  By failing to file an Amended Petition or a notice of voluntary dismissal

5  as ordered by the Magistrate Judge, petitioner has not discharged this responsibility.  In these

6  circumstances, the public policy favoring resolution of disputes on the merits does not outweigh

7  petitioner's failure to comply with court orders.

8       The fifth factor -- availability of less drastic sanctions -- weighs in favor of dismissal.  The

9  Magistrate Judge first attempted to avoid dismissal when he issued the August 20, 2015, Order,

10  giving petitioner an opportunity to amend his Petition to correct the deficiencies in his first submission.

11  He again attempted to avoid dismissal when he issued the October 13, 2015, R&R recommending

12  that the Petition be dismissed for failure to prosecute and follow court orders.  Then, in orders issued

13  on November 2, 2015, December 21, 2015, January 25, 2016, and January 27, 2016, the Magistrate

14  Judge again reminded petitioner that his Amended Petition was due if he wanted to avoid dismissal

15  of his action.  Nonetheless, to date, petitioner has failed to file an Amended Petition or a notice of

16  voluntary dismissal, or otherwise respond to the Magistrate Judge's January 25, 2016, and January

17  27, 2016, Orders.

18       Taking all of the above factors into account, dismissal of the Petition for failure to prosecute

19  and follow court orders is appropriate.  Such a dismissal, however, should not be entered unless

20  petitioner has been notified that dismissal is imminent.  See West Coast Theater Corp. v. City of

21  Portland, 897 F.2d 1519, 1523 (9th Cir. 1990).  In this case, petitioner was cautioned about the

22  possibility of dismissal in the Court's August 20, 2015, Order (August 20, 2015, Order at 3 ("[I]f an

23  Amended Petition is not received by September 21, 2015, **dismissal of the instant Petition will be**

24  **recommended for failure to prosecute and failure to comply with this Order and governing**

25  **case law**.")); additional notice was provided by the October 13, 2015, R&R, as well as by the

26  Magistrate Judge's November 2, 2015, December 21, 2015, January 25, 2016, and January 27,

27  2016, orders.

28  /

In light of the foregoing, the Court finds that it is appropriate to dismiss the Petition without prejudice for failure to prosecute and to follow court orders.

## III.

## ORDER

IT IS THEREFORE ORDERED that this action is **dismissed without prejudice** for failure to prosecute and to follow court orders.

DATED:March 23, 2016

_____
HONORABLE ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE